## PAYMENT OF INSURANCE MONEY TO LEGAL REPRESENTATIVES.

### Circuit Court of Muskingum County.

CHARLES HAGUE. v. THE EXECUTORS OF THE ESTATE OF THOMPSON HAGUE ET AL.

Decided, October 23, 1908.

*Legal Representatives—May be Shown to Mean "Heirs and Next of Kin" Instead of "Legal Representatives," When—Appeal—Distribution of Life Insurance.*

1. The words "legal representatives" in their strict, technical sense, mean executors or administrators; but these words appearing in a life insurance policy may be shown, by the context and surrounding circumstances, to mean "heirs or next of kin."

2. Whether an action is for the "recovery of money only," and hence not appealable, is not to be determined by the pleader's conclusions, or the prayer of the petition; but by a consideration of whether from the facts plead, any relief is necessary, other than a judgment for money.

*Winn & Bassett,* for plaintiff.
*J. J. Adams* and *John R. Stonesipher,* for defendants.

CRAINE, J.; TAGGART, J., and DONAHUE, J., concur.

Heard on appeal.

Thompson Hague insured his life in the sum of three thousand and eighty dollars ($3,080), the policy providing that said sum should be payable to his "legal representatives" after the death of said Thompson Hague. Later Thompson Hague died and the insurance company paid said sum of three thousand and eighty dollars to the executors of said Thompson Hague, who retained the same and treated the money as assets of the estate of Thompson Hague.

After this had been done, Charles Hague, a son of Thompson Hague, brought an action in the Court of Common Pleas of Muskingum County against the executors of Thompson Hague and made the other heirs and next of kin of said Thompson Hague parties defendant, and in his petition alleged the issuance

of the policy; the death of said Thompson Hague; the payment of said money by the insurance company to the executors; the retention of the same by them as assets of the estate of Thompson Hague; and the relation of the other defendants to said Thompson Hague. The petition further alleged that said sum was to be paid, by the strict language of the policy, to the "legal representatives" of said Thompson Hague, but that in fact it was the intention of said Thompson Hague and the insurance company, at the time of the issuance of said policy, that said sum should be paid to the heirs or next of kin, and that the true meaning of said words "legal representatives" was the "heirs or next of kin" of said Thompson Hague and not his executors or administrators; that the insurance company, in paying said sum to the executors, did so in trust and for the benefit of the heirs and next of kin of said Thompson Hague; that the executors had refused to pay said sum to the plaintiff and the defendants, who were children of said Thompson Hague, and was treating said sum of money as assets of the estate, and prayed for personal judgment against said executors and asked the court to determine what part of said sum belonged to the plaintiff and what belonged to each of the other children of said Thompson Hague, who had been made parties defendant, and for such other relief as might be proper.

Later an amendment to the petition was filed, in which the plaintiff pleaded more specifically the meaning of the words "legal representatives" and the intent and understanding of Thompson Hague and the insurance company at the time of the issuance of the policy, and in the prayer asked for a decree against the executors, directing them to pay said sum of money to the several heirs or next of kin in such proportion as the court should find them severally entitled.

A demurrer was filed to this petition and the amendment thereto, on the grounds of a misjoinder of parties defendant (not for a defect of parties plaintiff), and because the petition and the amendment thereto did not state a cause of action, which demurrer was overruled and exceptions noted.

An answer having been filed and issue taken, the case was tried to the court, without the intervention of a jury, and on

such hearing the court found the several amounts due each, and ordered and directed the executors to pay said sums to said plaintiff and the other heirs in the amounts found due them respectively.

Thereupon the executors brought the cause to this court as by appeal proceedings, and also by error proceedings. In this court a motion was filed to dismiss the appeal for the reason that it was an action for the "recovery of money only" and this court considered the motion to dismiss and the proceedings in error jointly. Whilst there were other errors alleged in the petition in error, the principal contention was that the words "legal representatives," found in the policy, meant executors or administrators and that no other meaning could be given these words; that if the intention was to pay the money to the heirs or next of kin, there should have to be a reformation of the policy, which had never been attempted.

This being the state of the proceedings before us, two leading questions were considered, viz:

1. Can the words "legal representatives" be shown to mean "heirs or next of kin"?

2. Was this cause appealable?

I think when this question was first presented to the court, each member thought that the words "legal representatives" could mean nothing more or less than their plain import, and that the money passed to the executors or administrators to be administered upon as assets of the estate, but upon an examination of the authorities we found that the consensus of authorities were to the effect, that the words "legal representatives" may mean "heirs or next of kin" and that the sense in which they were used is to be determined by the context and surrounding circumstances. The 125 N. Y., 411, is a case directly in point and cites numerous authorities to support this contention. The Encyclopedia of Law cites many authorities to the same effect, and upon an examination of these authorities, we are well satisfied that the law is that the words "legal representatives" may be shown to mean "heirs and next of kin" instead of "executors or administrators."

The next question is, was this cause appealable?

The right of appeal is not a common law but a statutory right. There have been many decisions in this state attempting to illustrate when an appeal will lie, but as the Legislature has so clearly described under what conditions a cause may be appealed, it would be useless to refer to the many decisions upon the subject. Section 5226, Revised Statutes, furnishes the criterion for appeals. Under its provisions, before an action can be appealable, it must appear:

1st. That the court of common pleas had original jurisdiction.

2d. That the action is a civil one.

3d. That a judgment or final order has been rendered by the court of common pleas.

4th. That the right to demand a jury in the court of common pleas did not exist.

If all of these requisities exist, then the cause is appealable, but if any one of them is wanting, the action is not appealable. In the case at bar every element existed, unless it be the last one, viz: that the right to demand a jury did not exist, and hence if upon a consideration of the cause, a right to demand a jury in the court of common pleas did not exist, then clearly the case is appealable, but if on the other hand, a right to demand a jury in the court of common pleas did exist, then there can be no appeal. Did a right to demand a jury in the court of common pleas exist? Section 5130, Revised Statutes, provides the issues of fact, to determine which a jury is demandable and reads as follows:

"Issues of fact, arising in actions for the recovery of money only, or specific real, or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered, as hereinafter provided."

The test is not whether a personal judgment is asked, but whether or not the action is for the "recovery of money only." If the action is brought to recover some equitable relief, and the facts necessitate such relief, in order to give the party an adequate remedy, then the action is not for the "recovery of money only"; but if money only is the object of the recovery,

and no equitable relief is necessary, then the cause is triable to a jury as a matter of right.

If the insurance company had not paid the money to the executors and the words "legal representatives" under the circumstances meant "heirs or next of kin," then the beneficiaries would have had nothing more than a plain action at law against the insurance company on the policy. The insurance company, however, paid this money to the executors. The plaintiff in this action alleges in his petition that the money was paid in "trust," but we think that allegation was simply a conclusion of the pleader. There may have been some semblance of trust in it, but there was no such trust as is administered by a court of equity. The insurance company, in contemplation of law, simply paid the money over to the executors for the benefit of the beneficiaries. The executors stood in the nature of persons who received money to the use of the plaintiff and the other heirs or next of kin. When the executors refused to pay this money over to the proper parties, an action at law for the recovery of that money was the proper remedy. There was no equitable relief necessary or appropriate. When the plaintiff and the other heirs obtained a judgment against the executors for the money paid by the insurance company, that was all the relief they were in any manner entitled to, and this being true, the action was an action for the "recovery of money only," and hence not appealable.

If upon the trial of the case it should have been found that the words " legal representatives" meant executors or administrators, then the verdict or finding should have been for the executors; but if it had been found that the words "legal representatives" meant heirs or next of kin, then a verdict or finding for $3,080 should have been for the heirs.

It is true the petition asked the court to determine the proportionate amount of this money each of the heirs was entitled to, but that was a matter in which the executors were not interested. In the adjustment of the amount due each of the heirs, there was an element of equity jurisprudence, but so far as the issues between the plaintiff and the other heirs and executors were concerned, it was one for money only, and a jury was demandable. Had the heirs attempted to appeal from the de-

cision of the court fixing their relative rights, another question might have been presented, but we do not pass upon that question in this case, for the reason that no attempt to appeal was made by any of the heirs. The only attempt to appeal was by the executors, and our holding is, that, as between the heirs or next of kin, and the executors, the action was one for the "recovery of money only" and hence not appealable.

The motion to dismiss the appeal will be sustained.